**UNITED STATES DISTRICT COURT FOR THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

|  |  |
|---|---|
| ROBERT KAUFMAN, | |
| Plaintiff, | Civ. No. 15-44 |
| v. | **OPINION** |
| SAINT-MARTIN PRODUCTION MINUISERIE (AKA: SMPM WOODWORKING), | |
| Defendant. | |

THOMPSON, U.S.D.J.[1]

This matter comes before the Court upon motion by Plaintiff Robert Kaufman ("Plaintiff") for default judgment. (ECF No. 10, 14). This motion is unopposed, and Defendant Saint-Martin Production Minuiserie ("Defendant" or "SMPM") has not entered an appearance or answered the Complaint. The Court will decide this matter based upon the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated herein, Plaintiff's Motion for Default Judgment will be granted.

## BACKGROUND

This matter contains contract and tort claims pertaining to the sale of wooden home construction items, e.g. windows and doors. The principal allegations are as follows: Defendant holds itself out as a purveyor of fine wood products for use in home construction and furnishing, e.g. windows, doors. Defendant does business in the United States Virgin Islands without a

---

[1] The Honorable Anne E. Thompson, United States District Court Judge for the District of New Jersey, sitting by designation.

business license or foreign registration, without paying taxes, and without providing an agent for service of process within the Virgin Islands, as required by law.

In February 2008, Plaintiff entered into a contract with Defendant for Defendant to supply windows, doors, and other items for Plaintiff's home construction on St. Croix. Defendant expressly and implicitly warranted to Plaintiff that its products were suitable for their intended uses and the climate in St. Croix. Instead, they were defective and dangerous to the Plaintiff and his property.

In 2013, Plaintiff began to notice deterioration in his home and Defendant's products. In November of that year, Plaintiff had an expert in wood biodeterioration, wood preservation, and durability of wood products inspect the home. The expert found that Defendant had used materials which were unsuitable for the St. Croix environment.

Defendant has refused to repair and replace the products, despite multiple attempts by Plaintiff. Plaintiff faces over $500,000.00 in repairs to remove and replace Defendant's products in his home.

The Complaint was filed May 27, 2015. Defendant has not entered an appearance or answered to date. Plaintiff moved for entry of default and default was entered on September 21, 2015. Plaintiff moved for Default Judgment on January 12, 2016. Plaintiff supplemented his motion on January 12, 2017. This case was reassigned to Judge Thompson on May 8, 2017. The motion for Default Judgment is presently before the Court.

## DISCUSSION

A district court may enter default judgment under Federal Rule of Civil Procedure 55(b)(2) against "a properly served defendant who fails to plead or otherwise defend an action" and after an entry of default by the Clerk of Court. *See Sourcecorp Inc. v. Croney*, 412 Fed.

App'x 455, 458 (3d Cir. 2011) (citing Fed. R. Civ. P. 55). In deciding a motion for default judgment, the court must accept as true any facts in the pleadings relating to liability, but need not accept any legal conclusions nor the extent and amount of damages claimed by a party. *See* Fed. R. Civ. P. 8(b)(6); *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). To be entitled to a default judgment, the plaintiff's well pleaded facts must assert a legally sufficient claim for relief. *Mendez v. Puerto Rican Int'l Companies, Inc.*, 2015 WL 721031, at *2 (D.V.I. Feb. 18, 2015) (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n. 23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.") (citing precedents in the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits); *Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, 2011 WL 53185, at *3 (D.N.J. Jan. 6, 2011) ("Default judgment is permissible only if plaintiff's factual allegations establish a right to the requested relief.")). Under Federal Rule of Civil Procedure Rule 55(b)(2), courts presented with a motion for default judgment may conduct hearings to "determine the amount of damages," "establish the truth of any allegation by evidence" or "investigate any other matter." *Mendez v. Puerto Rican Int'l Companies, Inc.*, 2015 WL 721031, at *2 (D.V.I. Feb. 18, 2015).

In addition, default judgment requires: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent person; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service." *Bank of Nova Scotia v. Abdullah*, 2013 WL 1846544, at *4 (D.V.I. May 2, 2013). However, even if default judgment is permissible, the court must assess three factors to determine whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is

denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Default judgment is a sanction of last resort and the Third Circuit has stated its preference for cases to be disposed of on the merits when practicable. *See Hill v. Williamsport Police Dept.*, 69 Fed. App'x 49, 51 (3d Cir. 2003); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1990). Ultimately however, the entry of default judgment is left largely to the court's discretion. *See Hritz*, 732 F.2d at 1180–81; *Young v. Beard,* 227 Fed. Appx. 138, 142 (3d Cir. 2007).

In this case, it appears that Plaintiff has set forth legally sufficient claims for tort and contract liability. Defendant has not entered an appearance or answered the Complaint in any way. Default was entered against Defendant on September 21, 2015. (ECF No. 6). Defendants are neither infants nor incompetent, and have acknowledged service of the summons and complaint. (*See* ECF Nos. 6, 14-1).[2] While the Third Circuit has stated a preference for adjudications on the merits, in this case, where Defendants have been served and have failed to answer over the past two years, the Court finds that Plaintiff will be prejudiced if default is not entered because Plaintiff has no other recourse. Furthermore, where Defendant has failed to answer, the Court presumes that Defendant has no litigable defense and their failure to answer is due to culpable conduct. *See Wong v. American Credit and Collections, LLC*, 2012 WL 5986474, at *3 (D.N.J. Nov. 28, 2012). Plaintiff's motion for default judgment will be granted.

---

[2] Although the Summons has not be returned executed on the Docket, nor has Plaintiff presented a basis to find that service by registered mail is an internationally accepted means of service, Defendant appears to have acknowledged receipt of the summons and complaint and, thus, received actual notice of the litigation. (*See ECF No. 6*; ECF No. 14, Ex. 1). Plaintiff also submits an affidavit in support of this means of service. (ECF No. 14, Ex. 2).

## **CONCLUSION**

For the foregoing reasons, the Court will grant the motion for default judgment regarding liability, and will set a hearing to determine the amount of Plaintiff's damages. Plaintiff will be required to provide further documentation to the Court regarding his claims for damages at least 14 days prior to such hearing. An appropriate order will follow.

**Dated:** *6/16/17*                                      */s/ Anne E. Thompson*
                                                         ANNE E. THOMPSON, U.S.D.J.